IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00556-D-RN

| | |
|---|---|
| **Aire Nation Sole Corporation**, <br><br> Plaintiff, <br><br> v. <br><br> **Mark Lindsay Stevens**, et al., <br><br> Defendants. | **Memorandum & Recommendation** |

     Plaintiff Aire Nation Sole Corporation recently sued several Defendants. The court ordered Plaintiff to address various issues before the matter could proceed. Order, D.E. 3. Since it has failed to do so, the undersigned recommends that the court dismiss the complaint without prejudice.

I.    Background

     After reviewing Plaintiff's initial filings, the court ordered it to correct several deficiencies in those documents. D.E. 3. First, the court instructed Plaintiff to pay the filing fee or file an application to proceed in forma pauperis.

     The court next noted that Plaintiff was a corporation and that corporations must be represented by an attorney. The complaint claimed that the entity was represented by Dawn-Lynette Mangum. Yet is did not appear that Mangum was a member of the bar of this court. The court gave Plaintiff 14 days to have an attorney appear on its behalf.

     Finally, the court pointed out that the complaint contained no factual allegations against Defendants. So the court ordered Plaintiff to file an amended complaint within 14 days containing the factual basis for its claims against each Defendant.

The order warned the Plaintiff that failing to comply may result in the dismissal of the complaint.

The deadline to comply with the court's order has passed. The Plaintiff filed two applications to proceed without prepayment of costs. D.E. 4, 5.[1] But no attorney has appeared on its behalf, and it has not filed an amended complaint.

I.  Discussion

Plaintiff asks the court to allow it to proceed without paying the required filing fee or other costs normally associated with a civil lawsuit (otherwise known as proceeding "in forma pauperis" or "IFP"). The court may grant his request if a person submits an affidavit describing his assets and the court finds that he cannot pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Plaintiff says it is a corporation located in New Jersey. D.E. 1 at 1. Federal law allows a "person" who meets certain criteria to proceed without paying a filing fee. 28 U.S.C. § 1915. The Supreme Court has found that under § 1915, the term "person" does not apply to "artificial entities. . . such as corporations. *Rowland* v. *Cal. Men's Colony*, 506 U.S. 194, 196 (1993). Thus, "only a natural person may qualify for treatment in forma pauperis under § 1915." *Id.* at 196, 199.

---

[1] Both applications appear to contain the same information.

2

Case 5:24-cv-00556-D-RN    Document 6    Filed 10/31/24    Page 2 of 4

Since it is not a natural person, Plaintiff cannot proceed in forma pauperis. So the undersigned recommends that the court deny the motions (D.E. 4, 5) and direct the Plaintiff to pay the required filing fee.

While Plaintiffs submitted its IFP application, it has not complied with the remaining directives in the court's order. Plaintiff has not had an attorney appear on its behalf. Nor has it filed an amended complaint establishing the factual basis for its claims against Defendants.

The Federal Rules of Civil Procedure allow a court to dismiss an action for failure to comply with a court order. Fed. R. Civ. P. 41(b). But there are four factors a court in the Fourth Circuit must consider before doing so. *Ballard* v. *Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). The first factor is the non-moving party's "degree of personal responsibility" for the failure to comply. *Id.* (citing *Chandler Leasing Corp.* v. *Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)). Second, the court must consider "the amount of prejudice caused the defendant[.]" *Id.* The third factor, "the existence of a history of deliberately proceeding in a dilatory fashion," favors dismissal. *Id.* And the final factor looks at whether the court can impose "a sanction less drastic than dismissal." *Id.*

Based on the record, it is appropriate for the court to dismiss this case without prejudice. In its earlier order, the court cautioned the Plaintiff that the case may be dismissed if it did not have an attorney appear on its behalf and submit an amended complaint. Since Plaintiff is unrepresented, it bears full responsibility for its failure to comply with the order. And that failure precludes this matter from proceeding because Plaintiff lacks someone to prosecute its claims on its behalf, and the basis for Plaintiff's claims is unclear. Unless these issues are addressed, there is no sanction short of dismissal that is adequate to address Plaintiffs' failure to comply. Given that these issues can be remedied, a dismissal without prejudice is appropriate.

3

## II. Conclusion

For the reasons discussed above, the undersigned recommends that the court deny the Plaintiff's motions to proceed IFP (D.E. 4, 5). And the undersigned recommends that the court dismiss the complaint (D.E. 1) without prejudice.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared here. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: October 31, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge